UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| MARIO AMBROSIO LEWIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Nos. 2:22-CV-016 |
| ) | 2:18-CR-121 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

# MEMORANDUM OPINION

Before the Court is Mario Ambrosio Lewis' ("Petitioner's") *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Doc. 1; Criminal Docket ("Crim.") Doc. 52].[1] The United States has responded in opposition. [Doc. 8]. Petitioner did not file a reply, and the time for doing so has passed. *See* Rule 5(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts; *see also* [Doc. 4]. Petitioner has also filed a motion for equitable tolling [Doc. 5; Crim. Doc. 51] which is pending before this Court. For the reasons below, Petitioner's motion for equitable tolling [Doc. 5; Crim. Doc. 51] will be **DENIED**, and his § 2255 motion [Doc. 1; Crim. Doc. 52] will be **DENIED**.

I. BACKGROUND

---

[1] Document numbers not otherwise specified refer to the civil docket.

In February 2019, Petitioner was charged in a six-count second superseding indictment pertaining to conspiracy and distribution of heroin, methamphetamine, and fentanyl along with a sentencing factor of a death resulting from the use of controlled substances. [Crim. Doc. 28]. On February 25, 2019, Petitioner entered into a Rule 11(c)(1)(C) plea agreement with the Government for a sentence of 240 months followed by a 5-year term of supervised release. [Crim. Doc. 32]. Petitioner agreed to plead guilty to one count of distributing fentanyl, a Schedule II controlled substance, which resulted in a death, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). [*See id*.] The plea agreement was signed by Petitioner and attorney George Nicholas Wallace.

In his plea agreement, Petitioner acknowledged that on April 23, 2017, Bristol police officers responded to what turned out to be the unattended death of a 31-year-old female due to acute fentanyl toxicity from substances provided to her by her relative. Her relative stated that he believed he sold the victim heroin and that he bought the heroin from Petitioner. Text messages from Petitioner corroborated this allegation about the controlled substances which caused the death of the victim. On December 13, 2017, Petitioner sold a mixture of heroin and cocaine to a law enforcement officer. Petitioner sold drugs to the officer two more times in December and January. Petitioner also admitted to law enforcement in Atlanta, Georgia that he was aware of heroin dealers mixing heroin with fentanyl and that one dealer had provided him with heroin mixed with fentanyl. Petitioner also admitted that he received the mixture of heroin and fentanyl, that he sold it to the victim's relative, and that the victim died as a result of that sale. [*Id*. at 2-5].

The Court conducted a change of plea hearing on March 7, 2019. Although there is no transcript of that hearing in the record, the Court recalls conducting its standard colloquy with Petitioner and finding him competent to enter a guilty plea.[2] The Court also referred Petitioner for a Presentence Investigation Report ("PSR"). The PSR calculated a total offense level of 35 and a criminal history category of II, resulting in a guideline range of 188 to 235 months. [Crim. Doc. 37, ¶ 64]. However, the statutory mandatory minimum sentence of 240 months was greater than the guidelines range, resulting in a guideline term of imprisonment of 240 months. [*Id*.].

The Government filed a notice of no objections to the PSR [Crim. Doc. 39], but did not file a sentencing memorandum. Petitioner, through counsel, also filed a notice of no objections to the PSR. [Crim. Doc. 38]. Petitioner, through counsel, filed a sentencing memorandum requesting the Court accept the Rule 11 (c)(1)(C) plea agreement of 240 months' imprisonment. [Crim. Doc. 42].

On June 25, 2019, the Court sentenced Petitioner to a total of 240 months' imprisonment and then five years of supervised release. [Crim. Doc. 45]. Petitioner did not file a direct appeal, and on November 11, 2021, he filed this § 2255 motion.

## II. STANDARD OF REVIEW

Under § 2255(a), a federal prisoner may move to vacate, set aside, or correct his judgment of conviction and sentence if he claims that the sentence was imposed in violation

---

[2] Where, as here, the same judge considering the § 2255 motion also presided over the underlying proceedings, the judge may rely on his recollections of those proceedings. *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013).

of the Constitution or laws of the United States, that the court lacked jurisdiction to impose the sentence, or that the sentence is in excess of the maximum authorized by law or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). As a threshold standard, to obtain post-conviction relief under § 2255, the motion must allege: (1) an error of constitutional magnitude; (2) a sentence imposed outside the federal statutory limits; or (3) an error of fact or law so fundamental as to render the entire criminal proceeding invalid. *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003).

A movant bears the burden of demonstrating an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *See Reed v. Farley*, 512 U.S. 339, 353 (1994) (noting that the Petitioner had not shown that his ability to present a defense was prejudiced by the alleged constitutional error); *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993) (addressing the harmless-error standard that applies in habeas cases alleging constitutional error). To obtain collateral relief under § 2255, a movant must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982).

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). A movant must prove that he is entitled to relief by a preponderance of evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). A motion that merely states general conclusions of law, without substantiating the allegations

with facts, is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

Under Rule 8(a) of the Governing Rules, the Court is to review the answer, any transcripts, and records of prior proceedings and any material submitted under Rule 7 to determine whether an evidentiary hearing is warranted. Rules Governing Section 2255 Proceedings, Rule 8(a). If a petitioner presents a factual dispute, then "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)). An evidentiary hearing is not required "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of facts." *Valentine*, 488 F.3d at 333 (quoting *Arrendondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). The Court **FINDS** no need for an evidentiary hearing in the instant case.

III. ANALYSIS

As an initial matter, Petitioner seems to raise two claims of ineffective assistance of counsel in this motion: 1) for failing to object to the application of U.S.S.G. § 2D1.1 sentencing enhancement, and 2) for failing to consult with Petitioner about the advantages or disadvantages of filing an appeal. [Doc. 1; Crim. Doc. 52].

A. **Motion for Equitable Tolling [Doc. 5; Crim. Doc. 51]**

Petitioner has filed a motion for equitable tolling, requesting the Court deem his § 2255 motion timely filed. [Doc. 5; Crim. Doc. 51]. As support, Petitioner argues that he

5

Case 2:18-cr-00121-RLJ-CRW   Document 54   Filed 09/13/22   Page 5 of 9   PageID #: 385

was delayed in timely filing his § 2255 motion due to lack of access to the legal library and the COVID-19 lockdowns. [*Id.*].

Equitable tolling "allows courts to toll a statute of limitations when 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)). The AEDPA limitations period may be subject to equitable tolling if the movant shows that (1) extraordinary circumstances beyond his control made timely filing of a federal habeas petition impossible and (2) the movant has acted diligently in pursuing his rights. *Holland v. Florida*, 560 U.S. 631, 649 (2010). "[T]he doctrine of equitable tolling is used sparingly by federal courts," *Robertson*, 624 F.3d at 784, and the movant bears the burden of showing that equitable tolling is appropriate. *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003).

To demonstrate in this case that he is entitled to equitable tolling, Petitioner must establish that he has pursued his rights diligently and that some extraordinary circumstance prevented timely filing. *Holland*, 560 U.S. at 649. The Court first notes that the COVID-19 lockdowns did not begin until April 2020 in the federal prisons, thus Petitioner had over 8 months to prepare and file a timely § 2255 motion prior to the lockdowns. While Petitioner states that his access to the legal library was inadequate, that assertion alone does not warrant equitable tolling. *United States v. Stone*, 68 F. App'x 563, 565-66 (6th Cir. 2003); *see also Rucker v. Bell*, No. 1:07-cv152, 2008 WL 56025, at *5-*6 (E.D. Tenn. Jan. 3, 2008) (collecting cases); *Scott v. Johnson*, 4 227 F.3d 260, 263 n.3 (5th Cir. 2005) ("an

6

inadequate law library does not constitute a 'rare and exceptional' circumstance warranting equitable tolling"). Because Petitioner has not established that he was unable to timely file his § 2255 motion to vacate due to extraordinary circumstances beyond his control, the Court need not address the diligence prong of the equitable tolling test. Accordingly, Petitioner's motion for equitable tolling [Doc. 5; Crim. Doc. 51] will be **DENIED**.

### B. § 2255 Claims

As alluded to above, Petitioner's motion is untimely as the one-year period of limitations applies to Petitioner's motion. Under 28 U.S.C. § 2255, Petitioner's limitation period runs from the latest of four dates – 1) the date when the judgment of conviction is finalized, 2) the date an impediment by government action is removed if applicable, 3) the date the asserted right was initially recognized by the Supreme Court or the date when a newly recognized right is made retroactively applicable, and 4) the date when the facts surrounding the claim(s) could have been discovered through due diligence. Here, Petitioner does not assert a newly recognized right, nor does he assert any impediment by government action keeping him from timely filing this § 2255 motion. Therefore, the appropriate limitations date is the later date of when Petitioner's judgment became final or when the facts supporting the claim could have been discovered.

Petitioner's claims are based on facts surrounding the application of the advisory sentencing guidelines and the appeal process. These are facts which could have been discovered prior to Petitioner's sentencing hearing on June 25, 2019, through the exercise of due diligence. Petitioner's judgment became final July 9, 2019, and thus, as the latter of the two dates, is the date the Court will use in determining timeliness of the motion. As

7

Petitioner filed the instant motion November 11, 2021, over a year beyond the period of limitations provided in 28 U.S.C. § 2255(f)(1), his motion is untimely, absent the applicability of equitable tolling.³ As discussed above, Petitioner has failed to meet his burden to establish equitable tolling for his failure to file a timely motion.

Accordingly, Petitioner's claims [Doc. 1; Crim. Doc. 52] will be **DENIED** as time-barred. As such, the Court finds it unnecessary to address the merits of the allegations raised therein.

## IV. CONCLUSION

For the reasons above, Petitioner's motion for equitable tolling [Doc. 5; Crim. Doc. 51] will be **DENIED**, and his § 2255 motion [Doc. 1; Crim. Doc. 52] will be **DENIED** and **DISMISSED**.

## V. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated a "substantial showing of a denial of a constitutional right." *Id.* The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.*

---

³ Applying the prison mailbox rule, Petitioner's § 2255 motion is deemed filed as of the date contained on the § 2255 motion. [Doc. 1; Crim. Doc. 52]; *see Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999).

8

Having examined Petitioner's claims under the *Slack* standard, the Court finds that Petitioner has failed to make a substantial showing of the denial of a constitutional right and reasonable jurists could not find that the dismissal of those claims was debatable or wrong. Therefore, the Court will **DENY** issuance of a certificate of appealability.

A separate judgment will enter.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge

9

Case 2:18-cr-00121-RLJ-CRW   Document 54   Filed 09/13/22   Page 9 of 9   PageID #: 389